JUSTICE WARNER
concurs.
¶34 I reluctantly concur in the Court’s reversal of this case because the District Court abused its discretion in not excusing the prospective juror, B.M., for cause. I do so, however, only because the record leaves an unanswered question concerning whether B.M. was a biased juror.
¶35 B.M.’s responses to questions from Hausauer’s counsel do not necessarily show that she was biased in favor of the State or unwilling to accept and apply the presumption of innocence. As shown by the quotations from the record at ¶ 26 and ¶ 27 of the Court’s opinion, B.M. did nothing more than express what is naturally in every venire man and woman’s mind when subjected to questions on voir dire concerning the presumption of innocence. That is: “There must be some evidence of guilt because the defendant has been charged. Otherwise, why would we all be here?” Further, B.M.’s thought was justified. There is enough evidence to charge Hausauer.
¶36 By the use of the leading question, counsel for Hausauer was able to get B.M. to agree that the fact Hausauer had been charged had weight.[1] However, neither counsel for the State, nor the court, determined whether B.M. could and would follow the law, once she was advised that the law unequivocally states that the charge against Hausauer is no evidence whatsoever of his guilt. Therefore, as noted by the Court at ¶ 23, a serious question about a prospective juror’s ability to be fair and impartial is raised in this record and it had to be resolved in favor of excusing that juror. DeVore, ¶ 25.

 Defense counsel’s next question, “And you have a hard time putting aside the presumption of innocence because you think there is some evidence to the contrary at-at this juncture,” actually indicates that B.M. had no bias in favor of the State. By having a hard time putting aside the presumption of innocence, B.M. embraced it.